UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Anne M. Barrett,                                                     Case No. 3:20-cv-2661

                        Plaintiff,

        v.                                                           MEMORANDUM OPINION
                                                                          AND ORDER

Toledo Metropolitan Area Council
of Governments,

                        Defendant.


        On November 25, 2020, Plaintiff Anne M. Barrett filed a Complaint, *pro se*, against

Defendant Toledo Metropolitan Area Council of Governments alleging a federal age discrimination

claim for Defendant's failure to hire her.  (Doc. No. 1).  On May 7, 2021, Defendant filed a Motion

to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 11).  In

response, Plaintiff filed a Motion for Leave to Amend her Complaint on June 1, 2021.  (Doc. Nos.

13 & 13-1).

        Pursuant to Rule 15(a), "a party may amend its pleading once as a matter of course within …

21 days after service of a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1)(B).  Rule 6 governs the

manner in which a time period specified in the Federal Rules of Civil Procedure is to be computed.

Fed. R. Civ. P. 6(a).

        Because Defendant's Motion to Dismiss was filed on May 7, 2021, the general deadline by

which Plaintiff was required to file her Motion to Amend as a matter of course would have been

May 28, 2021. But because Defendant served Plaintiff with the motion via US mail,[1] (Doc. No. 11 at 3), Rule 6(d) acts to extend Plaintiff's deadline by three days to May 31, 2021. Fed. R. Civ. P. 6(d). May 31, 2021 was Memorial Day, recognized by Rule 6 as a "legal holiday" for purposes of computing time. Fed. R. Civ. P. 6(a)(6)(A). Therefore, because the "last day" for Plaintiff to timely file her Motion to Amend as a matter of course was a "legal holiday," "the period continue[d] to run until the end of the next day" – June 1, 2021. Fed. R. Civ. P. 6(a)(1)(C).

Plaintiff's June 1, 2021 Motion for Leave to Amend was filed within the time period proscribed by Rule 15(a)(1) and will therefore be considered a timely Motion to Amend as a matter of course. Therefore, Plaintiff's Motion for Leave to Amend is granted, (Doc. No. 13), and Defendant's Motion to Dismiss is denied as moot. (Doc. No. 11). The clerk shall docket the Proposed Amended Complaint as the First Amended Complaint. (*See* Doc. No. 13-1). In the event Plaintiff desires to amend her complaint again, she may not file a "supplement"[2] to this First Amended Complaint, but instead must file a motion for leave to amend the complaint.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] As a *pro se* filer, Barrett does not have access to the court's online CM/ECF filing system.

[2] Miscellaneous filings which do not represent pleadings or motions will not be considered by the Court. *See, e.g., Moncier v. Jones*, 557 F. App'x 407, 409 (6th Cir. 2014) ("a district court has broad discretion to manage its docket."); *Armstrong v. Brunsman*, No. 1:12-CV-132, 2012 WL 3544373, at *1 (S.D. Ohio Aug. 16, 2012), *report and recommendation adopted*, No. 1:12-CV-00132, 2012 WL 4009609 (S.D. Ohio Sept. 12, 2012) (cautioning *pro se* plaintiff it is inappropriate to file miscellaneous documents that lack proper identification as pleading or motion). Defendant similarly requested that I disregard Plaintiff's supplemental filing. (*See* Doc. Nos. 6 & 11-1 at fn. 4).