UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anne M. Barrett,                                    Case No.  3:20-cv-2661

                    Plaintiff,

         v.                                         MEMORANDUM OPINION
                                                        AND ORDER

Toledo Metropolitan Area
Council of Governments,

                    Defendant.

## I.  INTRODUCTION

Defendant the Toledo Metropolitan Area Council of Governments ("TMACOG") moves to dismiss the First Amended Complaint filed by *pro se* Plaintiff Anne M. Barrett.  (Doc. No. 29).  Barrett filed a brief in opposition to the motion to dismiss, (Doc. No. 49), and TMACOG filed a brief in reply.  (Doc. No. 52).  Barrett filed a motion for leave to file a second amended complaint, (Doc. No. 37), as well as a variety of other motions related to extensions of time, discovery, and permission for electronic filing.  (Doc. Nos. 31, 32, 36, 41, 43, 46, and 51).  Those motions either have been fully briefed or the deadline for responsive briefing has passed.

For the reasons stated below, I grant TMACOG's motion to dismiss, deny Barrett's motion for leave to amend as futile, and deny her remaining motions as moot.

## II.    BACKGROUND

TMACOG is a nonprofit organization made up of governmental as well as nongovernmental entities which assists with planning and coordinating transportation and other

economic development work in Northwest Ohio and southeast Michigan.  On May 31, 2019, TMACOG provided public notice that it was hiring for a position titled Transportation Planner II, a long-range transportation planning position.  Barrett applied a few days later but did not receive an interview before TMACOG hired Marissa Bechstein.  (Doc. No. 25 at 2).  Barrett alleges that, at the time the position was posted and filled, she was over the age of 40, while Bechstein was under the age of 40.  (*Id.*).  She also asserts Bechstein did not have relevant work experience, while Barrett herself had 11 years of experience in transportation planning.  (*Id.*).

Barrett subsequently filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC").  (Doc. No. 1-2 at 277).  After several months of investigation, the EEOC closed Barrett's case, at her request.  (*Id.* at 276).  Barrett then filed suit, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").  She subsequently filed her First Amended Complaint pursuant to Rule 15(a)(1).  (*See* Doc. No. 23).

### III.  STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV.    ANALYSIS

### A.    AGE DISCRIMINATION

The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire . . . any individual or otherwise discriminat[ing] against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff asserting an ADEA claim must show "age was the 'but-for' cause" of the employer's decision not to hire the plaintiff. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). In order to establish age was the "but-for" cause of TMACOG's decision not to hire her, Barrett must plausibly allege her "'protected trait actually played a role in [the employer's decisionmaking]

process *and had a determinative influence on the outcome.*'"  *Id.* at 176 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)) (alteration and emphasis added by *Gross*).

In her First Amended Complaint, Barrett alleges that, at the time the Transportation Planner II position was posted and filled, she was 54 years old with 11 years of experience while Bechstein was 25 years old and had no transportation experience.  (Doc. No. 25 at 2).

Ordinarily, a court's consideration of a defendant's Rule 12(b)(6) motion is limited to evaluating the adequacy of the factual allegations contained in the plaintiff's complaint, when those allegations are taken as true.  But, as I noted above, there are certain circumstances in which the court may consider items which are not contained solely within the pleadings.  In particular, I may consider "items appearing in the record of the case."  *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (citation and internal quotation marks omitted).

A few weeks after TMACOG filed its motion to dismiss, Barrett filed a motion for leave to file a second amended complaint, seeking to respond to TMACOG's arguments.  (Doc. No. 37).  In her proposed complaint, Barrett alleges in part: "[TMACOG] hired . . . Bechstein, whose in-laws may be politically connected.  Plaintiff Barrett asserts the decision to interview just two applicants was designed to make it appear that Bechstein was not predestined and predetermined to be hired.  These were sham interviews, intended as window dressing."  (Doc. No. 37-1 at 2).

Barrett expands on this theory in her brief in opposition to the motion to dismiss.  She asserts "[t]he posting and hiring of Transportation Planner II was a rigged process.  It was pre-ordained that young, under 40 Marissa Lumbrezer-Bechstein would be hired."  (Doc. No. 49 at 2).  Barrett goes on to trace the alleged political connections of Bechstein's husband's father, grandfather, and other family members before arguing her own application for the position "was doomed from the start due to nepotism."  (*Id.* at 2-3).  (*See also id.* at 4-5, 6-7).  She also speculates "TMACOG provid[ed] a paid honeymoon to Marissa Bechstein" by permitting her to take a

vacation a few weeks after beginning her new job," and concludes TMACOG "filled the Transportation Planner II job utilizing secretive, insider rigged processes pretending to publicly post a job which had already been designated for a very young person well known to [TMACOG] Director Tim Brown and several of the Wood County trustees."  (*Id.* at 7).

But "charges of nepotism, even if proven, do not constitute evidence of impermissible discrimination."  *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1096 (6th Cir. 1996).  *See also id.* ("'The list of impermissible considerations within the context of employment practice is both limited and specific . . . .  We are not free to add our own considerations to the list.'") (quoting *Holder v. City of Raleigh*, 867 F.2d 823, 826 (4th Cir. 1989)).  To state a claim under the ADEA, Barrett must allege her "age was the 'reason'" TMACOG decided not to hire her.  *Gross*, 557 U.S. at 176 (citing *Hazen Paper*, 507 U.S. at 610).  But this is not what she has done.  Instead, her allegations and arguments, even when taken as true, establish that age was at most one reason motivating TMACOG's decision not to hire her, and that Bechstein's alleged personal connections to TMACOG executives were the driving force behind the decision to hire her.  These allegations are insufficient, as "'[a]n act or omission is not regarded as a cause of an event if the particular event would have occurred without it.'"  *Gross*, 557 U.S. at 176-77 (quoting Prosser and Keeton on Law of Torts § 265 (5th ed. 1984)).

Barrett also alleges TMACOG hired Bechstein, "a younger applicant[,] to save on payroll and expenses," and to avoid hiring someone who "would not be a rival for leadership [positions] for decades.  The top executive in TMACOG would be mindful of preserving his retirement payment.  So, TMACOG engaged in a pretend application process."  (Doc. No. 37-1 at 3).  But these alleged concerns about payroll and power do not support an inference of age discrimination.  The ADEA does not hold employers liable for refusing to hire an applicant over the age of 40 "when the factor motivating the employer is some feature other than the employee's age."  *Hazen Paper*, 507 U.S. at 609.

I also dismiss any allegations or claims brought on behalf of a putative class of individuals who allegedly applied for but were not hired for jobs with TMACOG because of their ages.  *See, e.g., Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (reiterating that a person who is not an attorney cannot be appointed to represent a proposed class).  Moreover, Barrett fails to show how TMACOG's alleged refusal to hire other, unidentified applicants over the age of 40 establishes that she was not hired because of her age.  (*See* Doc. No. 25 at 3).

It is Barrett's own words that best sum up the true nature of this litigation: "This case concerns <u>merit</u> hiring versus marriage hiring."  (Doc. No. 51 at 4) (emphasis in original).  Whatever else may be said, it is beyond dispute that the ADEA does not prohibit nepotism.  When a plaintiff asserts she was treated differently due to a protected trait, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision."  *Hazen Paper*, 507 U.S. at 610.  It is not enough for Barrett to allege that age may have been "a motivating factor" in TMACOG's failure to hire her, it must be "the reason."  *Gross*, 557 U.S. at 176, 177 n.3 (citations and internal quotation marks omitted).

The record in this case does not plausibly establish that TMACOG's decision not to hire Barrett was motivated by her age.  Barrett's conclusory allegations that TMACOG did not hire her because of her age are not "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555.  Therefore, I grant TMACOG's motion to dismiss.

### B.    MISCELLANEOUS MOTIONS

As I noted above, Barrett seeks leave to file a second amended complaint.  (Doc. No. 37).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

I conclude Barrett is not entitled to leave to amend. She filed her First Amended Complaint within 21 days of TMACOG's first motion to dismiss, pursuant to Rule 15(a)(1), but that amended complaint did not cure the deficiencies in her allegations. Moreover, Barrett does not indicate that any of the "new" allegations in her proposed second amended complaint are newly discovered. Rather, it appears Barrett was aware of the facts and circumstances underlying those allegations earlier in this litigation, and that she has offered them now in an attempt to again avoid TMACOG's arguments in support of dismissal.

Further, I conclude TMACOG would suffer undue prejudice if Barrett were allowed to again amend her complaint because, as I have discussed above, Barrett's proposed amendments do not establish that she was not hired because of her age. Thus, her proposed amendments would be futile and TMACOG would be prejudiced if it were forced to file a third motion to dismiss Barrett's claim.

Barrett also had filed a number of other motions: a motion for permission to file electronically, (Doc. No. 31); four discovery related motions, (Doc. Nos. 32, 36, 46, and 51); and two motions for extensions of time. (Doc. No. 41 and 43). I deny these motions as moot.

## V.    CONCLUSION

For the reasons stated above, I deny Barrett's motion for leave to file a second amended complaint, (Doc. No. 37), and grant TMACOG's motion to dismiss Barrett's age discrimination claim.  (Doc. No. 29).  Further, I deny Barrett's other pending motions as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge