UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anne M. Barrett,  Case No. 3:20-cv-2661

      Plaintiff,

v.  ORDER

Toledo Metropolitan Area
Council of Governments,

      Defendant.

Plaintiff has filed a motion to seal this case and the appeal of it in its entirety, asking that "all materials be removed from the internet." (Doc. No. 57). In support, she alleges "internet exposure of this case . . . disrupts [her] employment" and suggests an internet user should be "require[ed] . . . to register and manually prompt information through the Pacer service" to know of the existence of this case. (*Id.*).

While Plaintiff alleges I have already granted the relief she seeks during a hearing, I have not and may not do so.[1]

---

[1] The only "hearing" conducted on this case was a ten-minute telephone conference that occurred on July 5, 2022. (*See* non-document Minutes of Proceeding docketed on July 6, 2022). The conference was not conducted on the record with a court reporter, but my chambers contemporaneously detailed an account of the discussion that occurred during that conference. According to those case notes, *pro se* Plaintiff and counsel for Defendant participated in the conference during which Plaintiff's numerous pending discovery-related motions were discussed. To one of those pending motions, *pro se* Plaintiff had attached birth certificates of non-parties, which contained personal identifiers. (*See* Doc. Nos. 51 and 51-3). During the conference, Defendant's counsel's asked that that document be stricken. I did not strike the document but agreed to restrict access to that attachment alone to "case participants only." In doing so, I did not agree to restrict all documents that had and would be filed in the case to "case participants only."

First, to the extent she moves to seal every document in the case or the case as a whole, I conclude such relief is not warranted. As explained by my colleague, Chief Judge Sara Lioi:

> "The courts have long recognized [ ] a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown v. Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The party seeking to [maintain] documents under seal bears a heavy burden. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Even where this standard is met, the requested seal must be narrowly tailored. "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

*Fosler v. Babcock & Wilcox New Energy Holding, LLC*, No. 5:24-cv-114, 2024 WL 1514514, at *1 (N.D. Ohio Apr. 8, 2024). Plaintiff's professed desire to prevent prospective employers from knowing of the existence of this case does not justify sealing any document in this case, let alone the entire case.

Second, to the extent she moves for an internet search engine not to return any result evidencing the existence of this case, such relief cannot be granted by the Court and may, as a practical matter, be impossible.

While I appreciate Plaintiff's desire to put this case and the events giving rise to it behind her, the law does not permit me to grant the relief she seeks. And even if the law permitted me to seal the case as a whole, I could not ensure all evidence of the existence of the case would be eliminated from the public internet such that an individual conducting a Google search would not discover it. Plaintiff's motion is denied. (Doc. No. 57).

So Ordered.

                                                                s/ Jeffrey J. Helmick
                                                                United States District Judge